785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DOYLE LEE JONES, Petitioner-Appellant,
vs.
WILLIAM C. SEABOLD and ATTORNEY GENERAL OF THE COMMONWEALTH
OF KENTUCKY, Defendant-Appellee.
 84-6108
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 Before: KRUPANSKY and GUY, Circuit Judges; and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Doyle Lee Jones appeals from a decision of the district court denying his petition for a writ of habeas corpus. Petitioner claims ineffective assistance of counsel in connection with a guilty plea entered before the Jefferson County, Kentucky, Circuit Court in 1979. The guilty plea involved a total of eight counts of first degree robbery and two counts of being a persistent felony offender (PFO) in the second degree. In order to be convicted under a PFO charge, one must have previous felony convictions which serve as a predicate for enhanced penalties. The alleged ineffective assistance of counsel stems from the fact that petitioner claims his attorney failed to advise him that the prior convictions on which the PFO charge was based were invalid and thus petitioner's guilty plea was 'coerced.' Applying the standards enunciated by the Supreme Court in Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052 (1984), and Hill v. Lockhart, ---- U.S. ----, No. 84-1103, slip op. (November 19, 1985), this court concludes that the decision of the district court should be affirmed.
 
 I.
 
 2
 In order to put petitioner's claim into proper perspective, it is necessary to first review his prior criminal record as it relates to this guilty plea. In 1972 petitioner entered a guilty plea to the state felony offense of striking and wounding. In 1973 petitioner entered a guilty plea to the state felony offense of receiving stolen property and illegal possession of drugs. On January 8, 1979, petitioner was indicted and charged with four counts of robbery in the first degree and with being a first degree persistent felony offender. On January 19, 1979, in a separate indictment, the petitioner was charged with four counts of robbery in the first degree and with being a first degree persistent felony offender. On February 16, 1979, the petitioner was again indicted, being charged with robbery in the first degree and being a persistent felony offender in the first degree. The PFO charges in the January 8 and 19 indictments were predicated upon petitioner's 1972 and 1973 felony convictions. The February 16, 1979, PFO charge was predicated only upon petitioner's 1973 conviction.
 
 
 3
 Petitioner initially entered a not guilty plea to all three of the 1979 indictments. However, he subsequently changed his plea and entered negotiated guilty pleas to all three indictments as follows:
 
 
 4
 January 8, 1979, guilty as to robbery and two counts of receiving stolen property and guilty as to persistent felony offender second degree;
 
 
 5
 January 19, 1979, guilty as to four counts of robbery, and persistent felony offender count dismissed;
 
 
 6
 February 16, 1979, guilty as to robbery and guilty as to persistent felony offender second degree.
 
 
 7
 On June 25, 1979, petitioner appeared for sentencing and, at that time, attempted to withdraw his guilty plea alleging that at the time he made the plea he was on drugs, and that he was dissatisfied with his plea bargain and his retained counsel. After exploring these allegations, the sentencing judge, who had taken the original pleas, denied the request to withdraw the plea and sentenced petitioner to a total of 42 years on all charges.
 
 
 8
 Subsequent to being sentenced, petitioner initiated a collateral attack upon the 1972 and 1973 state felony convictions. This collateral attack was predicated upon the fact that the guilty pleas taken did not comply with the requirements of Boykin v. Alabama, 395 U.S. 238 (1969). In an order dated May 22, 1980, the trial court vacated the 1972 and 1973 convictions. Since these were the convictions on which his PFO sentences were predicated, it was necessary that petitioner be resentenced. This was done on June 5, 1981. At this resentencing, Jones' second degree PFO convictions were vacated and he was resentenced on the principal offenses only. After successfully challenging his PFO convictions, petitioner then challenged his substantive convictions, alleging as he does here his ineffective assistance of counsel argument. On May 20, 1981, the trial court denied the motions to vacate and petitioner appealed to the Kentucky Court of Appeals. The appeals court affirmed the trial court's denial of the motion to vacate, and petitioner then was granted discretionary review by the Kentucky Supreme Court. On July 6, 1983, the Kentucky Supreme Court affirmed the decision of the Kentucky Court of Appeals. On October 24, 1983, petitioner filed a petition for a writ of habeas corpus in the United States District Court and, in a memorandum and order dated December 7, 1984, the United States District Court for the Western District of Kentucky dismissed the petition for a writ of habeas corpus.
 
 II.
 
 9
 There is no longer any doubt as to the standard of review for an appellate court in connection with the review of a habeas claim of ineffective assistance of counsel. In Strickland v. Washington, 104 S.Ct. 2052 (1984), the Supreme Court stated:
 
 
 10
 Finally, in a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. Sec. 2254(d). Ineffectiveness is not a question of 'basic, primary, or historical fact[ ],' Townsend v. Sain, 372 U.S. 293, 309, n.6, 83 S.Ct. 745, 755, n.6, 9 L.Ed.2d 770 (1963). Rather, like the question whether multiple representation in a particular case gave rise to a conflict of interest, it is a mixed question of law and fact.
 
 
 11
 104 S.Ct. at 2070.
 
 
 12
 Although the decision in Strickland dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, it is now clear that the Strickland standard is to be applied in the context of guilty pleas.
 
 
 13
 We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, supra, and McMann v. Richardson, supra. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.
 
 
 14
 Hill v. Lockhart, No. 84-1103, slip op. at 6-7 (emphasis added).
 
 
 15
 Before the Strickland standard can be applied in this case, the development of additional facts is necessary. It is undisputed that prior to offering his guilty pleas in the state court, petitioner had been informed by 'jailhouse lawyers' that his 1972 and 1973 guilty pleas were probably invalid due to the court's failure to meet the requirements of Boykin. It was the petitioner himself who then raised this issue with his retained counsel. Since there is no evidence to the contrary, petitioner's version of what occurred next must be credited and, for the purpose of this analysis, it must be assumed that petitioner's counsel, upon being informed of the possibility of the invalidity of the 1972 and 1973 convictions, did nothing further insofar as investigating these convictions was concerned. Strickland teaches that '[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.' Strickland, 104 S.Ct. at 2065. It would appear here that assuming counsel's knowledge of the possible invalidity of petitioner's two prior felony convictions, his failure to investigate this matter further would have been conduct that fell below an objective standard of reasonableness. However, in addition to making this showing, the petitioner must also 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Id. at 2068. This second requirement of the showing of prejudice was predicated upon the Supreme Court's conclusion that '[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no affect on the judgment.' Id. at 2067. This court concludes that petitioner cannot meet the 'prejudice' prong of the Strickland test.
 
 
 16
 Petitioner's 1972 and 1973 felony convictions are relevant to these proceedings only insofar as they form the basis for sentence enhancement. Since petitioner successfully attacked his 1972 and 1973 guilty pleas and had them set aside, and since he further successfully had his 1979 PFO convictions set aside, it is clear that he suffers no prejudice from sentence enhancement. The only question that remains for review is whether, as petitioner contends, he would not have plead guilty at all in 1979 but for facing PFO charges. The three courts that have reviewed this matter prior to it coming here have all concluded that the petitioner would have entered a guilty plea rather than go to trial whether his 1972 or 1973 convictions had been determined to be invalid or not. Although that determination is not a factual determination binding on this court to the extent mandated by 28 U.S.C. Sec. 2254(d), findings of fact made in the course of deciding an ineffectiveness claim are subject to deference.
 
 
 17
 All of the courts below that reviewed this matter found that the evidence against the petitioner in connection with these charges was overwhelming. These charges stemmed from a crime spree that lasted over a period of several months. The petitioner was identified in three lineups and also gave a written confession as to one or more of the offenses in which confession he implicated other individuals involved in some of the robberies. Although it can be assumed that petitioner would not have entered a guilty plea to the PFO charges if the predicate convictions were invalid, it is clear that he has totally failed to demonstrate that he would not have entered a guilty plea apart from the PFO charges due to the strength of the prosecution's case against him on the substantive offenses.
 
 
 18
 It is also significant to note that when petitioner was resentenced after his PFO offenses were vacated, he received almost the identical sentence that he had received earlier when the PFO sentences were involved. It is thus clear that the length of confinement that the petitioner was facing with or without the PFO charges was virtually identical, and that the important consideration to the petitioner in his plea bargain was that he receive a sentence which was indeterminate in nature and which afforded him parole considerations at the earliest possible date. This he was successful in achieving through his plea bargain, thus obtaining the primary benefit that was available to him.
 
 
 19
 Petitioner thus having failed to demonstrate to this court that there is a reasonable probability that but for counsel's errors he would not have pleaded guilty, the order of the district court denying the petition for a writ of habeas corpus is affirmed.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation